Dear Representative Odinet:
This office is in receipt of your request for an opinion of the Attorney General in regard to reapportionment of the St. Bernard Parish School Board in light of Act 173 of 2001. You ask as follows:
 A) Is the St. Bernard Parish School Board required to take immediate action to reapportion itself in the same configuration as the parish governing authority after a petition and a referendum vote of the people in accordance with procedures provided in the parish home rule charter?
 B) In order to elect school board members in the October-November 2002 elections, does the St. Bernard Parish School Board have the authority to take immediate action to reapportion itself in the same configuration as the parish governing authority without a petition and referendum vote of the people?
This office dealt with a similar issue in Atty. Gen. Op. 00-209 regarding Act 2 of the First Extraordinary Session of 2000. We note that the title to this Act provides as follows:
 To amend and reenact R.S. 17:71.5, relative to school board reapportionment; to require a school board to reapportion itself under certain circumstances; to provide relative to the procedures to be used in such reapportionment; to provide for conditions for implementation; and to provide for related matters.
In Atty. Gen. Op 00-209 this office quoted the act as providing as follows:
 In any such parish, the school board shall reapportion itself when required to do so by the electors of the parish in accordance with the same procedures provided in the parish home rule charter which were used to require that the parish governing authority reapportion itself. For the purposes of this Subsection, the school board shall have the same powers and duties to implement such procedures as are provided in the home rule charter for the parish governing authority.
It was stated that R.S. 17:71.5 was amended and reenacted to "require a parish school board to reapportion itself when required to do so by the electors of the parish in accordance with the procedures of the parish home rule charter, granting to the parish school board the same powers and duties to implement the charter procedures as the parish governing authority." In this regard it was noted by this office that R.S. 17:71.5
merely authorizes the school board to act as a "governing authority" with respect to the provisions of the "initiative process set forth in the home rule charter", and further requires the school board, upon meeting certain conditions, to reapportion itself when the electors of the parish provide by way of an initiative to do so.
The language in Act 173 of 2001 enacting R.S. 17:71.5(D)(2) requires a school board to reapportion itself when required to do so by the electors in accordance with the procedures of the parish home rule charter, and specifically mandates that in the described parish "the school board shall reapportion itself when required to do so by the electors of the parishusing the procedures provided in the parish home rule charter relativeto the initiative and referendum process, including petition and election timelines and other requirements for initiative and referendum as specified in the home rule charter." (Emphasis added.)
In Atty. Gen. Op 00-209 with regard to the initiative procedure it was observed that it is defined by Black's Law Dictionary, Sixth Edition, as "an electoral process whereby designated percentages of the electorate may initiate legislative or constitutional changes through the filing of formal petitions to be acted on by the legislature or the total electorate. The power of the people to propose bills and laws, and to enact or reject them at the polls, independent of legislative assembly." It further notes that the initiative process is suppose to be independent of the governing authority, which in that case was the school board.
We find that the initiative and referendum procedure for the St. Bernard Home Rule Charter is set forth in Article VI, Sec 6-01, and in part provides the initiative power shall be exercised by persons proposing the exercise of this power by submitting the proposal to the council which shall specify within thirty days a form of petition for circulation, and contain the full text of the proposed ordinance. The persons circulating the petition shall obtain signatures of at least 15% of the registered voters of the parish, and file with the council within 60 days of the specification of the form of the petition. Thereafter there must be a public hearing, and at the next regularly scheduled meeting, adopt the proposed ordinance submitted in an initiative petition, or submit the proposal to the electors. If submitted to the voters, the election shall take place at the next election already authorized for other purposes occurring at least 45 days after the decision of the council.
In response to your question whether the School Board is required to take immediate action to reapportion itself in the same configuration as the parish governing authority after a petition and referendum in accordance with the procedures provided in the parish home rule charter when the people have so voted for such reapportionment, we find it must. After the initiative procedure, in accordance with the Home Rule Charter, "If a majority of the qualified electors voting on a proposed initiative ordinance vote in its favor, it shall be considered adopted upon certification of the election results." The School Board is required to then take immediate action to reapportion itself in the same configuration as the parish governing authority when the people have so voted for such reapportionment . . .
Insofar as you ask whether the school board members have the authority to take immediate action to reapportion itself in the same configuration as the parish governing authority without a petition and referendum in order to elect school board members in the October-November 2002 election, we find that the St. Bernard Parish School Board has this authority pursuant to the provisions of R.S. 17:71.1 through R.S. 17:71.6. In Atty. Gen. Op. 86-799 this office was asked whether it is legal to reduce the size of a school board by referendum, and stated, "We believe the answer to this question is supplied by R.S. 17:71.2 which provides that the school board may reapportion itself by majority vote."
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By:____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
cc: Frank P. Auderer, Jr. Rep. Kenneth L. Odinet, Sr. La. House of Representatives District 103 932 Angela Ave. Arabi, LA 70002
Date Received: June 11, 2001 Date Released: July 10, 2001
BARBARA B. RUTLEDGE Assistant Attorney General